# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 5:20-cr-00400 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **JOSEPH A. CIPOLLETTI,** | **ORDER** |
| **Defendant** | |

This matter is before the Court on the unopposed motion filed by Defendant Joseph A. Cipolletti to grant a continuance of the Final Pretrial and Trial, beyond the time limits established by the Speedy Trial Act, 18 U.S.C. §3161.

The Defendant has been named in an indictment alleging violations of: Title 18 U.S.C. § 1343 Wire Fraud, Count 1; 18 U.S.C. § 1957 Money Laundering, Counts 2-9; 18 U.S.C. § 1344 Bank Fraud, Counts 10-17; and 18 U.S.C. § 152(2) False Statement Under Oath, Count 18. Defendant's counsel has represented to this Court that additional time is needed to consult with the client and review with the Defendant the massive discovery as provided by counsel for the government.

Accordingly, it is unreasonable to expect adequate preparation within the time limits of 18 U.S.C. §3161. The failure to grant a continuance would likely result in a miscarriage of justice and would deny counsel the reasonable time necessary for effective preparation.

Additionally, on October 5, 2020, the Court issued General Order No. 2020-08-3 In Re: CORONAVIRUS (COVID-19) PHASED-IN RECOVERY PLAN, which reads in relevant part, at pages 4, 5 and 6, as follows.

This Court previously issued General Order No. 2020-05, Amended General Order No. 2020-05-1, and Amended General Order No. 2020-05-2 In Re: CORONAVIRUS (COVID-19) PUBLIC EMERGENCY. These Orders were in response to the exponential spread of COVID-19 and the declaring of a public emergency by the President of the United States and the Governor of the State of Ohio.

The Centers for Disease Control and Prevention and other public health authorities have continued to advise the taking of precautions to reduce the possibility of exposure to the virus and slow the spread of the disease, including the implementation of multi-phase business recovery plans to gradually resume operations. In response, the Court issued General Order No. 2020-08 In Re: CORONAVIRUS (COVID-19) PHASED-IN RECOVERY PLAN.

The Court's recovery plan will continue to follow a multi-phase approach. The pace and progression of recovery through each phase will be based on health and business recovery guidance from the Administrative Office of the United States Courts and the State of Ohio.

\*\*\*

To accommodate trials and the effect of public health recommendations on the trials, the time period of the continuances implemented by the General Order will be excluded under Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. Section 3161(h)(7)(A).

Accordingly,

1. Jury trials will convene under the following conditions: 1) The Judge, Assistant U.S. Attorney, defendant, and defendant's counsel all must consent on the record to the commencement of the jury trial; 2) only one jury trial at a time, civil or criminal, will be conducted in each courthouse, except for the Carl B. Stokes U.S. Court House, where no more than two jury trials may be conducted at a time; and 3) each jury trial will be scheduled for no more than five trial days. If a participant does not consent, it must be for a COVID related reason and included in the Court's "speedy trial" order pursuant to 18 U.S.C. Section 3161(h)(7)(A). If a participant has a non-COVID related reason, an appropriate motion for continuance must be filed with the Court.

2. The use of video conference and teleconference as permitted by law for criminal proceedings will continue. If necessary, in-person court proceedings and in-person chambers proceedings will be limited to the number of people which permits the observance of the physical distancing requirement of six feet in all instances.

3. The use of videoconference and teleconference for change of plea hearings will proceed as permitted by law. Otherwise, to the extent possible and with the

agreement of the defendant, after filing a notice to enter an open guilty plea or plea agreement signed by the defendant and/or defense counsel, the taking of the plea of guilty and the sentencing shall be consolidated for a date after the presentence report has been prepared.

4. Grand jury matters will proceed after consultation with the Chief Judge, being mindful of the status of the pandemic and public health recommendations.

5. All in-person reentry court sessions will be conducted via videoconference or teleconference, unless an alternative location and safety plan have been agreed upon by all the reentry court participating agencies.

6. All petty offense (CVB) proceedings are suspended until further notice.

7. All detainees, upon arrival at a courthouse and before appearance in court, will undergo screening for fever and other symptoms of COVID-19 contamination. Defendants on bond will be subject to health screening (temperature check and COVID-19 screening questions) upon arrival at the courthouse. Such screening will be administered by and/or at the direction of the United States Marshals Service (USMS) or its agencies or designees. The presiding judge must be notified if the detainee or on-bond defendant exhibits risk factors and will have the discretion to order the detainee returned to the facility from which they came or the on-bond defendant to be denied entrance to the courthouse.

For the foregoing reasons, the Court finds that the ends of justice served by the granting of a continuance outweigh the best interest of the public and defendant in a speedy trial. 18 U.S.C.§§3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv). The aforesaid motion is granted.

**IT IS SO ORDERED.**

Date: October 8, 2020

 *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE