# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No. 5:20-CR-400** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **JOSEPH A. CIPOLLETTI,** | **ORDER** |
| **Defendant** | |

Defendant Joseph Cipolletti, Designee 3, by and through his conflict counsel attorney Thomas E. Conway, filed a Notice of Discharge of Counsel Lester Potash and Motion for Appointment of New Counsel on December 12, 2020, notifying this Court that he has discharged attorney Lester Potash from representing him in this matter, and requesting the appointment of new counsel to represent him in this matter ("Defendant's Motion").  (Doc. No. 25.)  On December 14, 2020, the United States of America filed its Response to Defendant's Motion, notifying the Court that it has no objection to Defendant's discharge of attorney Lester Potash and request for court-appointed counsel, and advising the Court that given the discharge, the December 18, 2020 hearing regarding the conflict-of-interest inquiry is no longer necessary and can be canceled ("the Government's Response to Defendant's Motion").  (Doc. No 27.)

In the Government's Response to Defendant's Motion, the Government suggested that the Court order Attorney Potash to review Defendant's client file and ensure that all material relating to any privileged communications with Designee 1 or Designee 2 be removed before providing the client file to Defendant's new counsel.  The Government also represented that it will produce all of the discovery it has previously provided to Attorney Potash to Defendant's new counsel.

On December 14, 2020, Designee 2, through conflict counsel Nathan A. Ray, filed a Notice of Discharge of Counsel Lester Potash notifying the Court that he wishes new counsel to represent him in this matter and will discharge attorney Lester Potash from representing him in this matter ("Designee 2's Notice"). (Doc. No. 26.) On that same date, the United States of America filed its Response to Designee 2's Notice, notifying the Court that it has no objection to Designee 2's discharge of attorney Lester Potash and that the December 18, 2020 conflict-of-interest inquiry is no longer necessary and can be canceled. (Doc. No. 28.) In its Response, the Government also suggested that the Court order Attorney Potash to review Designee 2's client file and ensure that all material relating to any privileged communications with Designee 1 or Designee 3 be removed before providing the client file to Designee 2's new counsel.

Defendant's request for the appointment of new counsel is GRANTED, and the Court will appoint new counsel to represent Defendant. Designee 2's request for appointment of new counsel is DENIED. The Court appointed conflict counsel for Designee 2 for purposes of the December 18, 2020 hearing only; Designee 2 is not a defendant in this matter and therefore, he is not entitled to the appointment of counsel.

Given the Government's position and the Court's agreement that the conflict-of-interest hearing set for December 18, 2020 is no longer necessary, that hearing is canceled and the Government's Sealed Motion filed on October 23, 2020 (doc. no. 17) is DENIED AS MOOT. The Court hereby orders Attorney Lester Potash to review Defendant's client file and: 1.) ensure that all material relating to any privileged communications with Designee 1 or Designee 2 be removed before providing the client file to Defendant's newly appointed counsel; and 2.) ensure that all material relating to any privileged communications with Designee 1 or Designee 3 (Defendant) be removed before providing the client file to any new counsel retained or secured by Designee 2.

**IT IS SO ORDERED.**

                                            *s/Pamela A. Barker*
                                            PAMELA A. BARKER
Date: December 15, 2020            U. S. DISTRICT JUDGE