IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:20CR400 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH A. CIPOLLETTI, | ) | UNITED STATES' SENTENCING MEMORANDUM |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Michelle M. Baeppler, First Assistant United States Attorney, and Brian M. McDonough, Assistant United States Attorney, and herby submits this memorandum to aid the Court in its sentencing of Defendant Joseph A. Cipolletti ( "Defendant" or "Cipolletti"), who pled guilty to one count wire fraud, eight counts of engaging in monetary transactions in property derived from specified unlawful activity, eight counts brank fraud, and one count of false statement under oath. (R: 48, Plea Agreement, PageID 195). The United States requests that the Court impose a Guidelines prison sentence of 70 to 87 months because a sentence of that length would reflect the seriousness of the offenses and deter future criminal conduct by him and others. (R: 55 *SEALED*, PSR, PageID 289-291).

I.      **BACKGROUND**

From June 2014 to December 2018, Cipolletti engaged in various schemes to embezzle from his employer, Discovery Tours, and used the funds for personal use, including massive home improvement, backyard, and landscaping improvements.  He also made a false statement under oath during Discovery Tours' bankruptcy hearing. During the schemes, Cipolletti diverted

school trip payments for his use; defrauded parents, school districts, and other student trip purchasers by embezzling fund and obtaining funds by false pretenses, representations, and promises; namely payments being made for students to take and secure school trips.

Over this three-year period, Cipolletti embezzled $1,500,000[1] from parents and other purchases through unauthorized cash withdrawals, fund transfers, money orders, and bank checks. (R: 1, Indictment, PageID 4). Because of Defendant's fraudulent conduct, Discovery Tours ended operations and filed for bankruptcy. As a result of Defendant's fraud and Discovery Tours' subsequent closure, more than 5,000 families in Northeast Ohio lost the money they previously paid to Discovery Tours for student trips. (R: 1, Indictment, PageID 4).

On July 23, 2020, a federal Grand Jury returned an eighteen-count Indictment against the Defendant that charged him with one count wire fraud, eight counts bank fraud, eight counts monetary transactions in property derived from specified unlawful activity, and one count false statement under oath. (R. 1: Indictment, PageID 1-16). On June 15, 2022, the Defendant pled guilty to the Indictment, and entered into a plea agreement with the Government. (R: 55 *SEALED*, PSR, PageID 279, ¶51).

---

[1] At the time of the indictment, the United States identified $609,942 in embezzled funds. Over the course of this case, discovery and continued financial analysis revealed additional embezzled funds that have been capped by the plea agreement at a total of $1,500,000.

## II. APPLICABLE LEGAL STANDARDS

To determine the appropriate sentence for a defendant, a court must consider the applicable guidelines range under 18 U.S.C § 3553(a). *United States v. Thompson*, 515 F.3d 556, 560 (6th Cir. 2008). Though the guidelines are advisory now, they are still a "starting point and initial benchmark." *Gall v. United States*, 552 U.S. 38, 39 (2007). Accordingly, a court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" outlined in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). These purposes are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed" including the seriousness of the conduct and the danger the Defendant poses to the public; (3) the sentences available; (4) the types of sentences, and the sentencing range established by the Sentencing Commission; (5) any relevant policy statement issued by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

To determine if a fine should be imposed on a defendant, the court must consider both the § 3553(a) factors listed above and the (1) defendant's "income, earning capacity, and financial resources," (2) the burden on the defendant or any other person that would be responsible for the welfare of any person financially dependent on the defendant compared to the burden that alternative punishments would impose, (3) the pecuniary loss inflicted on others; (4) if restitution is ordered and the amount of restitution; (5) "the need to deprive the defendant of illegally obtained gains from the offense;" (6) the expected costs to the government; (7) if the defendant can pass on the fine to consumers or others; and (8) if the defendant is an organization. 18 U.S.C. § 3572. However, the statue limits imposition of fines if "the defendant has the obligation to make restitution to a victim of the offense, other than the United States, the court shall impose a

3

fine… only to the extent that such a fine… will not impair the ability of the defendant to make restitution."

## III. SENTENCING GUIDELINES COMPUTATION

The parties do not agree on the base level offense. The government respectfully asks this Court to impose the guidelines sentence computed by the Presentence Report. The base level offense for Cipolletti's counts under 18 U.S.C. § 1957 crime was a 27 due to the loss amount of $1,500,000, which was in the range of $550,000 to $1,500,000, the number of victims, and the misrepresentation he made during the Bankruptcy proceeding (R: 55 *SEALED*, PSR, PageID 279, ¶65). The PSR included a one-level increase for being convicted under 18 U.S.C. § 1957, and a two-level increase for his role in the offense. (*Id*. at ¶66-68). If the Defendant continues to admit to the crime, he will receive a three-level decrease for accepting responsibility pursuant to USSG § 3E1.1(a) and (b). (*Id*. at ¶72-73).

| Count Group 1: Money Laundering, 18 U.S.C. § 1957 | | |
|---|---|---|
| Base offense level | 27 | §2S1.1 |
| Special Offense Characteristics—18 U.S.C. § 1957 | +1 | § S1.1(b)(2)(A) |
| Adjustment for Role in the Offense | +2 | § 3B1.3 |
| Acceptance of responsibility | -3 | §3E1.1(a),(b) |
| Total offense level | 27 | |

(*Id*. at ¶ 74).

The Defendant also falls in Criminal History Category I. (*Id*. at PageID 285, ¶77). Based on the total offense level, Cipolletti's history, the applicable Guideline imprisonment range for his crimes is a term of 70 to 87 months. (R: 55 *SEALED*, PSR, PageID 289-291).

## IV. APPLICATION OF SECTION 3553(A) FACTORS

In general, § 3553(a) lists seven factors that the Court must consider before sentencing. This includes the nature and circumstances of the offense, the need for the sentence imposed to

reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence to criminal conduct, protect the public and others listed in the statute.

The government requests that the Court impose a sentence that matches his culpability as someone who, in his role as Vice President, defrauded his employer, leading to the eventual closing of Discovery Tours and the loss of funds form over 5,000 families. (R: 55 *SEALED*, PSR, PageID 279, ¶51). Put simply, Cipolletti knew what he was doing, and he should be punished accordingly. A sentence within the Guidelines would therefore reflect the seriousness of his offense and deter others from committing the same offense

Moreover, any collateral consequences to Cipolletti's conviction, such as the length of these legal proceedings, his legal fees, the fact that is now convicted a felon, his humiliation, if any, before his community, neighbors, and friends, should not be considered by this Court. These collateral consequences would tend to support shorter sentences for defendants from privileged backgrounds and would not satisfy the goals of sentencing. *United States v. Musgrave*, 761 F.3d 602, 606-07 (6th Cir. 2014). Further, because economic and fraud-based crimes are more rational, cool, and calculated then sudden crimes of passion or opportunity, they are prime candidates for general deterrence. *Id. See also United States v. Panyard*, No. 07-20037-2, 2009 WL 1099257, at * 12 (E.D. Mich. April 23, 2009) ("White-collar crimes…are often perceived as carrying substantially lesser punishment than other comparable offenses," making deterrence imperative when determining sentencing.).

In sum, a prison sentence at the higher range of 70 to 87 months meet the requirements for a sentence that is sufficient, but not greater than necessary, to comply with the purposes of the § 3553(a) factors. 18 U.S.C. § 3553(a)(2).

## V.  RESTITUTION

The United States requests that this Court order Cipolletti to pay restitution in the amount of $1,500,000 to the thousands of families who lost the money they paid to Discovery Tours for trip fees, the school districts which helped ensure students could go on their trip, and Discovery Tours who filed for bankruptcy, under 18 U.S.C. § 3663A, due and payable immediately as ordered by the Court. (R. 55, PSR, PageID 291, ¶114).

## VI.  CONCLUSION

For the reasons outlined above, the United States requests the Court to impose a Guidelines sentence of 70 to 87 months with $1,500,000 in restitution on Cipolletti for his crimes in this case.

    Respectfully submitted,

    MICHELLE M. BAEPPLER
    First Assistant United States Attorney

By:   /s/ Brian M. McDonough
    Brian M. McDonough (OH: 0072954)
    Assistant United States Attorney
    United States Court House
    801 West Superior Avenue, Suite 400
    Cleveland, OH 44113
    (216) 622-3965
    (216) 522-2403 (facsimile)
    Brian.McDonough@usdoj.gov